UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEANN BRUTOUT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAP COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 21-CV-1533 TWR (JLB)<br><br>**ORDER (1) CONDITIONALLY CERTIFYING PROPOSED SETTLEMENT CLASS; (2) PRELIMINARILY APPROVING PROPOSED CLASS ACTION SETTLEMENT; (3) APPROVING NOTICE TO CLASS; AND (4) SETTING A FAIRNESS HEARING FOR FINAL APPROVAL OF SETTLEMENT**<br><br>(ECF No. 26) |

Presently before the Court is Plaintiff Leeann Brutout's Unopposed Motion for Preliminary Approval of Class Action Settlement and Certification of Settlement Class (ECF No. 26, "Mot."), along with the proposed Class Action and PAGA Settlement Agreement (ECF No. 26-1 at 37–65 ("Settlement")), and a proposed Class Notice (ECF No. 26-1 at 67–72 ("Class Notice")). The Court held a hearing on the Motion on May 18, 2023. (ECF No. 38.)

Plaintiff and Defendant Map Communications, Inc. ("Defendant" or "MAP") have reached terms of settlement for a putative class action. The Settlement between Plaintiff

and MAP (together, "the Parties") is conditioned upon, among other things, the Court's approval.  Capitalized terms in this Order shall have the same meaning as in the Settlement Agreement unless otherwise indicated.  A brief summary of the class nature and financial terms of the Settlement is as follows:

- Defendant stipulates to certification of a Settlement Class, to include all Class Members, for purposes of Settlement only.  (Settlement ¶ 12.1.)

- The Class is:  All persons employed by MAP in California and classified as non-exempt employees who worked for MAP during the Class Period.  (*Id*. ¶ 1.5.)  The Parties estimate that there are 760 Class Members.  (*Id*. ¶ 4.1.)

- The "Class Period" is July 21, 2017 to December 31, 2022.  (*Id*. ¶ 1.12.)

- Defendant agrees that $380,000.00, known as the "Gross Settlement Amount," plus the employer's share of any payroll taxes related to the settlement payments, represents the maximum amount that it will pay out under the Settlement, inclusive of the following: (a) payments to Settlement Class Members; (b) the maximum gross amount of $126,666.67 for Class Counsel's attorneys' fees to be paid in accordance with the terms set forth in Paragraph 3.2.2 of the Settlement; (c) the maximum gross amount for all of Class Counsel's litigation costs and associated expenses, which shall not exceed $20,000; (d) the anticipated gross amount for claims administration costs, estimated at approximately $18,000; (e) the maximum gross amount of $7,500 for the service payment to be made to the Class Representative; (f) the maximum gross amount for payment to the California Labor Workforce Development Agency ("LWDA") as part of the consideration for the release of all Released Claims under PAGA, which is $30,000 (75% of the $40,000 allocated to PAGA).  (*Id*. ¶¶ 1.22, 1.28, 3.2.)

- Each Class Member who does not opt out (a "Settlement Class Member") will be paid their share of the settlement, subject to certain taxes and withholdings.  (*Id*. ¶¶ 3.2.4–3.2.5.)

- Class Counsel will not seek an amount greater than $126,666.67 for attorneys' fees.  (*Id*. ¶ 3.2.2.)

- Class Counsel will not seek an amount greater than $20,000 for litigation costs.  (*Id*.)

- The Class Representative service payment requested will be $7,500.  (*Id*. ¶ 3.2.1.)

- If a Class Member has not cashed his or her check(s) within 180 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the California State Controller's Office for Unclaimed Property in the name of each Class Member who failed to cash their Settlement Payment check prior to the void date. (*Id.* ¶ 4.4.3.)

After reviewing the Settlement, the proposed Class Notice, and other related documents, the Court hereby **ORDERS AS FOLLOWS**:

1. The Court **PRELIMINARILY FINDS** that the proposed Class satisfies the requirements of a settlement class under Federal Rule of Civil Procedure 23. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all Class Members is impracticable; there are questions of law or fact common to the Class; the claims of Plaintiff are typical of the claims of the Class; and Plaintiff will fairly and adequately protect the interests of the Class. The requirements of Rule 23(b) are satisfied because questions of law or fact common to Class Members predominate over any questions affecting only individual Class Members and a class action here is superior to other available methods for fairly and efficiently adjudicating the controversy. In the event the Final Judgment, this Order, or an order granting final approval of the proposed Settlement is overturned, reversed, not affirmed in its entirety or never becomes final, the Settlement Date does not occur, or the Settlement is nullified or invalidated for any reason, the fact that the Parties were willing to stipulate to class certification for purposes of the Settlement shall have no bearing on, nor be admissible in connection with, any issue in this Action or in any other action.

2. The Court **PRELIMINARLY APPROVES** the Parties' Settlement. The Settlement falls within the range of possible approval as fair, adequate, and reasonable at this preliminary stage, appears to be the product of arm's-length and informed negotiations, and appears to treat all Class Members fairly. While the Court is concerned about the significant discounts the Parties made to Plaintiff's estimated reasonable maximum exposure of $2,347,135.40, Plaintiff's counsel supported the discounts with reasoned explanations at the hearing on the Motion. (*See* ECF No. 38.) The Court finds counsel's

explanations sufficient for purposes of preliminary approval given the risks of continued litigation, "with the caveat that more extensive explanation and support for the discounting may be needed to demonstrate fairness at the final approval hearing." *Ferrell v. Buckingham Prop. Mgmt.*, No. 1:19-cv-00332-LJO-SAB, 2020 WL 291042, at *19–20 (E.D. Cal. Jan. 21, 2020); *see id.* at 19 ("'It is well-settled law that a cash settlement amounting to only a fraction of the potential recovery will not per se render the settlement inadequate or unfair,' and '[i]t is the complete package taken as a whole, rather than the individual component parts, that must be examined for overall fairness.'" (citation omitted)).

3. The Court further **PRELIMARILY FINDS** that the settlement of Plaintiff's California Labor Code Private Attorney General Act ("PAGA") claim is fair and reasonable at this stage of the proceedings but notes that the Parties must provide further explanation for the amount awarded for PAGA penalties at the Final Approval Hearing because the amount of penalties relative to the gross settlement amount is somewhat higher than in other cases. *See, e.g.*, *Mondrian v. Trius Trucking, Inc.*, No. 1:19-cv-00884-DAD-SKO, 2022 WL 2306963, at *3 (E.D. Cal. June 27, 2022) ($7,500 to LWDA out of $995,000 gross settlement); *Almanzar v. Home Depot U.S.A., Inc.*, No. 2:20-cv-0699 KJN, 2022 WL 2817435, at *2 (E.D. Cal. July 19, 2022) ($28,125 to LWDA out of $750,000 gross settlement). The Court **PRELIMINARILY APPROVES** the Settlement and release of the PAGA claim and the payment to LWDA in the amount of $30,000.

4. The Court **FINDS** that it is appropriate to notify the members of the proposed Settlement Class of the terms of the proposed Settlement and **APPROVES**, as to form and content, the proposed Notice of Settlement to the Class Members, (*see* Class Notice). The Parties' proposed notice plan is constitutionally sound because individual notices will be mailed to all Class Members whose identities are known to the Parties, and such notice is the best notice practicable. The Parties' proposed Class Notice is sufficient to inform Class Members of the terms of the Settlement, their rights under the Settlement, their rights to object to the Settlement, their right to receive a payment under the Settlement or elect not

to participate in the Settlement, the processes for doing so, and the date and location of the Final Approval Hearing.

5. The following persons are conditionally certified as Class Members solely for the purpose of entering a settlement in this matter:

All persons employed by MAP in California and classified as non-exempt employees who worked for MAP during the Class Period (July 21, 2017 to December 31, 2022). (Settlement ¶¶ 1.5, 1.12.)

6. Plaintiff Leeann Brutout is **PRELIMINARILY APPOINTED** as the Class Representative of the Settlement Class for settlement purposes. Further, the Court **PRELIMINARY APPROVES** the service payment to Plaintiff in <u>an amount not to exceed $7,500</u>. *The service payment will be subject to final approval of the Court.*

7. Moon & Yang, APC, is **PRELIMINARILY APPOINTED** as Class Counsel. Class Counsel are authorized to act on behalf of the Class Representative and the Settlement Class with respect to all acts or consents required by, or which may be given pursuant to, the Settlement and such other acts reasonably necessary to consummate the Settlement. The authority of Class Counsel includes entering into any modifications or amendments to the Settlement on behalf of the Class Representative and the Settlement Class that they deem appropriate, and that are approved by the Court. The Settlement provides that Class Counsel will move for attorneys' fees <u>not to exceed $126,666.67 (33.33% of the gross settlement amount)</u> and for costs <u>not to exceed $20,000</u>. (Settlement ¶ 3.2.2.) While the Court preliminary approves the overall settlement, Class Counsel is forewarned that they must present compelling evidence to grant an upward departure from the 25% Ninth Circuit benchmark for reasonable attorneys' fees given the large discounts from the original valuation of potential recovery. *See Ferrell*, 2020 WL 291042, at *22–23; *see also In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 942 (9th Cir. 2011). Counsel should be prepared—in their motion for attorneys' fees and at the hearing on such motion—to provide supporting evidence and documents for the amount requested, including a lodestar cross-check. *See Ferrell*, 2020 WL 291042, at *22–23. *The Class*

*Counsel fees award and Class Counsel costs award will be subject to final approval of the Court.*

8. Phoenix Settlement Administrators is **APPOINTED** to act as the Administrator, pursuant to the terms set forth in the Settlement.

9. In accordance with the Settlement, Defendant is **DIRECTED** to provide the Administrator, <u>not later than fourteen (14) days after the date of this Order,</u> the Class Data, including the name, most recent known mailing address, Social Security number, and dates during which each individual was employed by Defendant in California during the Class Period.

10. <u>No later than fourteen (14) days</u> after receiving the Class Data, the Administrator is **DIRECTED** to mail the approved Class Notice by first-class mail to the Class Members in accordance with the Settlement.

11. Class Members will be bound by the Settlement unless they submit a timely and valid written request to be excluded from the Settlement/Settlement Class <u>within sixty (60) days</u> after mailing of the Class Notice by the Administrator, or as otherwise extended pursuant to the terms of the Settlement.

12. Class Members may file written objections to the Settlement <u>within sixty (60) days</u> after mailing of the Class Notice by the Administrator, or as otherwise extended pursuant to the terms of the Settlement.

13. <u>No later than twenty-eight (28) days</u> before the calendared Final Approval Hearing, Plaintiff shall file a motion for final approval of the settlement and for approval of the service payment award, and Class Counsel shall file a motion for an award of attorneys' fees and costs. Each Party retains the right to respond to any objections to the Settlement raised by a Class Member, including the right to file responsive documents with the Court <u>no later than fourteen (14) days</u> prior to the Final Approval Hearing.

14. Any Class Member who wishes to comment on or object specifically to the amount of attorneys' fees requested by Class Counsel shall have <u>until the day before the Final Approval Hearing</u> to submit his or her written comment or objection to the

Administrator or to the Court as to the amount of fees and he or she may appear at the hearing to further state any comments or objections as to the amount of fees requested. Any comment submitted after the expiration of time to comment on or object to the Settlement generally but before the expiration of time to comment on or object to the amount of attorneys' fees will not be considered other than as it pertains specifically to comments regarding the amount of attorneys' fees.

15. The Final Approval Hearing will be held on **October 26, 2023, at 1:30 p.m. in Courtroom 3A**, to determine, among others things: (1) whether the Settlement Class should be finally certified for settlement purposes only; (2) whether the Settlement should be finally approved as fair, reasonable, and adequate as to the Class Members; and (3) whether the Court should enter a final approval order approving the Settlement, dismissing all claims asserted in this action, and binding the Participating Class Members to the releases set forth in the Settlement Agreement. At the time of the Final Approval Hearing, the Court will hear all evidence and arguments necessary to evaluate the Settlement and will consider Plaintiff's request for an award of the Class Representative service payment and Class Counsel's request for an award of attorneys' fees and costs.

16. Any Class Member may appear at the Final Approval Hearing in person or by his or her own attorney and offer to show cause why the Court should not approve the Settlement, or to object to the motion for awards of the Class Representative service payment and attorneys' fees and costs. For any comments or objections to be considered at the hearing, the Class Member must submit a written objection in accordance with the deadlines set forth in the Class Notice, or as otherwise permitted by the Court. The Parties are **ORDERED** to clarify in the Class Notice that objections to the Settlement or the amount of attorneys' fees must be made through a written objection by the deadlines herein if a Class Member wishes to assert an argument at the Final Approval Hearing.

17. The Court reserves the right to continue the date of the Final Approval Hearing without further notice to Class Members.

/ / /

18. Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed as an admission of liability, culpability, damage, or wrongdoing on the part of Defendant, or of the appropriateness of certification of the Class other than for settlement purposes. If the Court does not finally approve the proposed Settlement that is the subject of this Order, all evidence, briefing, and proceedings related to the Settlement shall have no force and effect, and the Parties shall be deemed to have reverted to their respective status as of the date and time immediately prior to the execution of the Settlement.

19. To the extent permitted by law, pending final determination as to whether the Settlement should be approved, the Court hereby **ORDERS** that the Class Representative and all Settlement Class Members, whether directly, representatively, or in any other capacity, whether or not such persons have appeared in this litigation, **SHALL NOT** prosecute any claims or actions against Defendant or other Released Parties (as defined in the Settlement) in any forum, which would be covered by the release of claims as defined in the Settlement.

20. The Court **ORDERS** that a Qualified Settlement Fund, as defined in 26 C.F.R. § 1.468B-1, or other applicable law, shall be established to effectuate the terms of the Settlement and the Orders of the Court prior to the receipt of any monies from Defendant.

21. Pending further Order of this Court, all proceedings in this action except those contemplated herein and in the Settlement are **STAYED**.

22. As discussed above, the Court **SETS** the following schedule for the Final Approval Hearing and the actions that must take place before it:

| EVENT | TRIGGERING DATE | DATE/DEADLINE |
|---|---|---|
| Deadline for Defendant to Provide Administrator Class Data | 14 days after the entry of the Preliminary Approval Order | **June 14, 2023** |
| Deadline for Settlement Administrator to Disseminate Class Notice | 14 days after receipt of Class Data | **June 28, 2023** |

| Deadline for Opt Outs of Settlement Class | 60 days after administrator mails the Class Members the Class Notice | **August 27, 2023** |
|---|---|---|
| Deadline for Written Objections to Settlement from Participating Class Members | 60 days after administrator mails the Class Members the Class Notice | **August 27, 2023** |
| Deadline for Motion for Final Approval | At least 28 days prior to the Court's Final Approval Hearing | **September 28, 2023** |
| Deadline for Motion for Attorneys' Fees and Costs | At least 28 days prior to the Court's Final Approval Hearing | **September 28, 2023** |
| Deadline for Parties' Responses to Class Members' Objections | At least 14 days prior to the Court's Final Approval Hearing | **October 12, 2023** |
| Deadline for Class Members' Written Objections to Motion for Attorneys' Fees and Costs | Day before the Court's Final Approval Hearing | **October 25, 2023** |
| Final Approval Hearing | | **October 26, 2023, at 1:30 p.m. in Courtroom 3A** |

**IT IS SO ORDERED.**

Dated: May 31, 2023

_____
Honorable Todd W. Robinson
United States District Judge

9

21-CV-1533 TWR (JLB)