Kane Moon (SBN 249834)
   kmoon@moonlawgroup.com
H. Scott Leviant (SBN 200834)
   hsleviant@moonlawgroup.com
Mariam Ghazaryan (SBN 341119)
   mghazaryan@moonlawgroup.com
**MOON LAW GROUP, PC**
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125

Attorneys for Plaintiff LEEANN BRUTOUT

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEANN BRUTOUT, individually, and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>vs.<br><br>MAP COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>*Defendants*. | Case No.: 3:21-cv-01533-TWR-AGS<br><br><u>CLASS ACTION</u><br><br>**JOINT STIPULATION RE: (1) SETTLEMENT SUPERVISION BY MAGISTRATE JUDGE AND (2) AUTHORIZATION TO ISSUE SUPPLEMENTAL NOTICE TO OMITTED CLASS MEMBERS**<br><br>Action Filed:   July 21, 2021<br>Action Removed: August 30, 2021<br>Trial Date:   Not set |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD:

Plaintiff Leeann Brutout ("Plaintiff") and Defendant MAP Communications, Inc. ("Defendant") (collectively "the Parties") submit the following joint stipulation re: (1) settlement supervision by magistrate judge and (2) authorization to issue supplemental notice to omitted class members.

**WHEREAS**, on or about October 26, 2023, the Court considered Plaintiff's Motion for final approval of a class and representative action settlement of the claims asserted against Defendant in this action, memorialized in the CLASS ACTION AND PAGA SETTLEMENT AGREEMENT AND CLASS NOTICE ("Settlement"). (*See,* DECLARATION OF H. SCOTT LEVIANT IN SUPPORT OF PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS AND REPRESENTATIVE ACTION SETTLEMENT ["Leviant Decl."], at Exh. 1.)

**WHEREAS**, on or about October 26, 2023, the Court tentatively granted final approval of the class and representative action settlement, with conditions;

**WHEREAS**, on or about October 26, 2023, the counsel for the Parties consented in Court to the jurisdiction of the assigned Magistrate Judge for resolution of any issues arising from or related to performance of the terms of the Settlement;

**WHEREAS**, eleven individuals, identified by initials and employee tracking numbers to preserve privacy as B.B. (MAPCBRU845), C.G. (MAPCBRU846), V.G. (MAPCBRU847), J.M. (MAPCBRU848), D.Z. (MAPCBRU849), N.F. (MAPCBRU850), J.A. (MAPCBRU851), F.M. (MAPCBRU852), B.M. (MAPCBRU853), L.R. (MAPCBRU854), and A.T. (MAPCBRU855) did not receive the initial notice of the proposed class and representative action settlement;

**WHEREAS**, the Parties have agreed to issue a supplemental notice regarding the approved Settlement to the eleven omitted individuals, a copy of which is attached hereto as **Exhibit 1**;

**WHEREAS**, the Parties have agreed that the eleven omitted individuals will be given the option of (1) receiving the settlement payment they would have received had

they been included as Class members receiving Notice of the Settlement; or (2) opting out of the Settlement and retaining whatever claims they might possess;

**WHEREAS**, the Settlement Administrator estimates that the total estimated payout to all eleven individuals would be approximately $189.26.

Based on the foregoing, THE PARTIES STIPULATE AND AGREE AS FOLLOWS:

1. Parties consent to the jurisdiction of the assigned Magistrate Judge for resolution of any issues arising from or related to performance of the terms of the Settlement;

2. If approved by the Court, the Parties will cause the issuance of the supplemental notice regarding the approved Settlement to the eleven omitted individuals, a copy of which supplemental notice is attached hereto as **Exhibit 1.**

IT IS SO STIPULATED.

Respectfully submitted,

Dated: November 6, 2023   **MOON LAW GROUP, PC**

By: /s/ H. Scott Leviant
Kane Moon
H. Scott Leviant[1]
Mariam Ghazaryan

Attorneys for Plaintiff

Dated: November 6, 2023   **GORDON REES SCULLY MANSUKHANI**

By: /s/ Eulalio J. Garcia
Eulalio J. Garcia

Attorneys for Defendant MAP Communications Inc.

---

[1] Pursuant to the Electronic Case Filing Administrative Policies and Procedures Manual, the filing attorney attests that all other signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized this electronic filing.

# Exhibit "1"

# SUPPLEMENTAL NOTICE OF CLASS AND PAGA REPRESENTATIVE ACTION SETTLEMENT

*Leeann Brutout v. MAP Communications, Inc.*, Case No.: 3:21-cv-01533-TWR-AGS

*A court authorized this Notice. This is not a solicitation by a lawyer. You are not being sued.*

IF YOU ARE OR WERE A NON-EXEMPT EMPLOYEE OF MAP COMMUNICATIONS, INC. ("DEFENDANT") WHO WORKED FOR DEFENDANT IN CALIFORNIA AT ANY TIME BETWEEN JULY 21, 2017 TO DECEMBER 31, 2022 (THE "CLASS PERIOD"), THIS APPROVED CLASS ACTION SETTLEMENT AFFECTS YOUR RIGHTS.

## Why should you read this Notice?

A settlement (the "Settlement") has been approved in the class and representative action lawsuit entitled *Leeann Brutout v. MAP Communications, Inc.*, U.S. District Court Case No. 3:21-cv-01533-TWR-AGS (the "Action"). The purpose of this Notice of Class and Private Attorneys General Act of 2004 ("PAGA") Representative Action Settlement ("Class Notice") is to briefly describe the Action and to inform you of your rights and options in connection with the Action and the Settlement. The Settlement will resolve all claims in the Action.

**YOUR ESTIMATED PAYMENT FROM THIS SETTLEMENT**: Your estimated individual Settlement payment is <<**Estimated Payment**>>, which includes your Individual Class Payment in the estimated amount of <<**Estimated Individual Class Payment**>> and, because you [ARE/ARE NOT] a member of the Aggrieved Employee group, your Individual PAGA Payment in the estimated amount of <<**Estimated Individual PAGA Payment**>>.

A hearing concerning final approval of the Settlement was held before Hon. Todd W. Robinson. The Court approved the Settlement after concluding that the Settlement is fair, adequate and reasonable. After notice of the Settlement issued, 11 additional Class Members were identified, and you are among the additional Class Members identified. The additional Class Members will receive funds from a supplemental distribution ("Supplemental Distribution") in the amount that they would have received if they had not been inadvertently omitted from the original notice. As a Class Member, you are eligible to receive an Individual Class Payment under the Settlement and will be bound by the release of claims described in this Notice and the Settlement Agreement filed with the Court, unless you timely request to be excluded from the Settlement.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT: | |
|---|---|
| **DO NOTHING – GET MONEY** | If you do nothing, you will be considered a "Participating Class Member" in the Settlement and will receive settlement benefits as explained more fully below. You will also give up rights to pursue a separate legal action against Defendant for the Released Class Claims asserted in the Action as explained more fully below. |
| **EXCLUDE YOURSELF FROM THE SETTLEMENT. DEADLINE TO EXCLUDE YOURSELF: <<RESPONSE DEADLINE>>** | You have the option to exclude yourself from the Settlement of the claims in the Action. If you choose to do so, you must exclude yourself, in writing, from the Settlement by submitting a written request to be excluded ("Opt-Out Request"). As a result, you will not receive any benefits under the Settlement (other than any benefit based on the PAGA Claim). Opt-Out Requests must be submitted by <<RESPONSE DEADLINE>>. |
| **OBJECT TO THE NUMBER OF WORKWEEKS REPORTED FOR YOU: <<RESPONSE DEADLINE>>** | To object to the number of Workweeks reported for you within the Class Period, you may submit evidence showing that the information for you is incorrect. This option is available only if you do not exclude yourself from the Settlement. Do not submit an Opt-Out Request if you wish to contest the number of workweeks reported for you. Any information must be submitted by <<RESPONSE DEADLINE>>. |

*Who is affected by this Settlement?*

The Court certified, for settlement purposes only, the following class (the "Class"):

> All persons employed by MAP in California and classified as non-exempt employees who worked for MAP during the Class Period. The "Class Period" is July 21, 2017 to December 31, 2022.

According to Defendant's records, you are a member of the settlement class ("Class Member"). Aggrieved Employees will automatically receive their *pro rata* share of the $10,000 allocated from PAGA Penalties to Aggrieved Employees, cannot opt-out of the release of PAGA claims, and will be bound by the release of the PAGA claims even if they opt-out of the Settlement. Defendant's records indicate you [ARE/ARE NOT] an Aggrieved Employee who worked in the State of California at any time during the PAGA Period of July 17, 2020 to December 31, 2022.

*What is this case about?*

In the Action, Plaintiff Leeann Brutout ("Plaintiff") alleges on behalf of herself and the Class that Defendant: (1) failed to pay minimum and regular rate wages; (2) failed to pay overtime wages; (3) failed to provide meal periods; (4) failed to authorize and permit rest periods; (5) failed to timely pay all wages at termination; (6) failed to furnish accurate itemized wage statements; (7) failed to reimburse necessary business expenses; (8) violated California's Unfair Competition Law, California Business and Professions Code § 17200 *et seq*.; and (9) violated provisions of the Labor Code giving rise to civil penalties under the Labor Code Private Attorneys General Act of 2004 [Lab. Code § 2699, *et seq*.]. Plaintiff seeks unpaid wages, actual, consequential and incidental losses and damages, special damages, liquidated damages, injunctive relief, declaratory relief, statutory penalties, civil penalties under PAGA, restitution, interest, attorneys' fees, and costs.

**This Settlement represents a compromise and settlement of highly disputed claims. Nothing in the Settlement is intended or will be construed as an admission by Defendant that the claims in the Action of Plaintiff or the Class have merit or that Defendant bears any liability to Plaintiff or the Class on those claims or any other claims. Defendant denies all liability and is confident that it has strong legal and factual defenses to the claims, but it recognizes the risks, distractions, and costs associated with litigation. Defendant maintains that its conduct is and has been lawful at all times relevant.**

This Settlement is a compromise reached after good faith, arm's length negotiations between Plaintiff and Defendant (the "Parties"), through their attorneys, and is not an admission of liability on the part of Defendant.

The Court approved the Settlement but has not ruled on the merits of Plaintiff's claims or Defendant's defenses.

*Who are the attorneys representing the Parties?*

The attorneys representing the Parties in the Action are:

**Class Counsel**
Kane Moon
H. Scott Leviant
Mariam Ghazaryan
MOON LAW GROUP, PC
1055 W. Seventh St., Suite 1880
Los Angeles, California 90017
Telephone: (213) 232-3128
Facsimile: (213) 232-3125
hsleviant@moonlawgroup.com
mghazaryan@moonlawgroup.com

**Defendant's Counsel**
Eulalio J. Garcia
GORDON REES SCULLY MANSUKHANI
633 West Fifth Street, 52nd Floor
Los Angeles, CA 90071
Telephone: 213-270-7870
ejgarcia@grsm.com

*What are the Settlement terms?*

Defendant will pay $380,000.00 (the "Gross Settlement Amount") for: (a) Individual Class Payments to Class Members; (b) the Court-approved Class Representative Service Payment to Plaintiff of $7,500; (c) the Court-approved attorneys' fees and costs to Class Counsel ($126,666.67 in fees and $16,718.72 in costs); (d) $40,000 in civil penalties pursuant to the PAGA (the "PAGA Penalties"); and (e) payment to the Settlement Administrator of $10,000 for settlement administration services ("Administrative Expenses").  Additionally, the money

necessary to fund the Supplemental Distributions will be added to Gross Settlement Amount.

**Individual Settlement Payments.** Class Members who do not timely and properly request to be excluded from the Settlement (the "Participating Class Members") will receive an "Individual Class Payment", and Class Members who are also Aggrieved Employees will receive a share of the $10,000 from the PAGA Penalties allocated to Aggrieved Employees, regardless of whether they request exclusion from the Settlement (the total payment to a Class Member is called the "Individual Settlement Payment" in this Notice).

The "Net Settlement Amount" will be calculated by deducting from the Gross Settlement Amount the Class Counsel Fees Payment, the Class Counsel Litigation Expenses Payment, the Class Representative Service Payment, the PAGA Penalty, and the Administrator Expenses Payment. The Individual Settlement Payments will be compromised of the Individual Class Payment to each eligible Participating Class Member and the Individual PAGA Payment to each eligible Aggrieved Employee.

The Class Payment shall be divided among all Participating Class Members on a *pro rata* basis based on the total number of workweeks, days, or hours worked by all Participating Class Members during the Class Period (depending upon the availability of data to maximize the precision of the allocation to each Class Member and multiplying the result by each Participating Class Member's Workweeks, or days worked, or total hours worked (depending upon the availability of data to maximize the precision of the allocation to each Class Member.

The Administrator will distribute the additional funds required to fund the Supplemental Distribution to the additional Settlement Class Members who do not opt out of the Settlement, based on their Class Period Workweeks. The Court has already approved the Settlement. As one of 11 individuals who were inadvertently omitted from the original notice mailing, you are being given the option to receive the same payment you would have received if you had not been inadvertently omitted from the original notice.

The PAGA Payment shall be divided among all Aggrieved Employees on a *pro rata* basis based upon the total number of pay periods worked by each PAGA Employee during the PAGA Period. The portion of the PAGA Penalties paid to an Aggrieved Employee = $10,000 × [the pay periods worked by an Aggrieved Employee (during the PAGA Period) ÷ the pay periods worked by all Aggrieved Employees (during the PAGA Period)]. If you qualify as an Aggrieved Employee, your Supplemental Distribution will include a *pro rata* share of the PAGA Penalties.

Your estimated Individual Settlement Payment is <<**Estimated Settlement Payment**>> and the number of work weeks or days worked, or total hours worked by you during the Class Period based on your hire and/or termination dates is <<**Work Weeks**>>. You may seek to dispute the number of your work weeks or days worked, or total hours worked. Such challenges must: (i) be in writing; (ii) state your full name; (iii) include a statement that you are seeking to challenge your estimated Individual Settlement Payment set forth in this Class Notice; (iv) state the number of work weeks you believe you have worked during the Class Period; and (v) be mailed to the Settlement Administrator with a postmark date on or before <<**RESPONSE DEADLINE**>> (the "Response Deadline") at:

Phoenix Settlement Administrators

[Phoenix Address]

You must produce documentary evidence supporting your contention. Defendant's records will be presumed correct unless you prove otherwise by credible evidence. If you dispute the accuracy of Defendant's records used to calculate work weeks or days worked, or total hours worked, and the counsel for both Parties and the Settlement Administrator cannot resolve the dispute informally, the matter will be referred to the court for final resolution. The Court will resolve and decide all work week, or days worked, or total hours worked disputes, and its decisions will be final and non-appealable. **REMINDER**: If you believe your estimated Individual Settlement Payment is incorrect because your work weeks, or days worked, or total hours worked within the **Class Period** are wrong, your deadline to dispute this is <<**RESPONSE DEADLINE**>>.

For tax reporting purposes, the Individual Class Payments to Participating Class Members will be allocated as 25% to wages and 75% to penalties and interest. The Individual PAGA Payments will be allocated 100% as penalties. The wage portion of the Individual Settlement Payments shall be subject to the withholding of applicable local, state, and federal taxes, and the Settlement Administrator shall deduct applicable employee-side payroll taxes from the wage portion of the Individual Settlement Payments. The portion of the Individual Settlement Payments allocated as civil penalties and interest shall be classified as other miscellaneous income and reported on IRS Form 1099-MISC if required by governing tax laws. Any taxes owed on that other

miscellaneous income will be the responsibility of Class Members receiving those payments. The employer's share of any payroll taxes will be separately paid by Defendant.

All checks for Individual Settlement Payments paid to Class Members will remain valid and negotiable for one hundred eighty (180) days from the date of the check's issuance and shall thereafter automatically be void if not claimed or negotiated by a Class Member within that time. Any Individual Settlement Payment that is not claimed or negotiated by a Class Member within one hundred eighty (180) days of issuance shall be transmitted to the California State Controller's Office to be held as unclaimed property in the name of each check recipient who is the payee of the check. In such event, the Settlement Class Members and Aggrieved Employees shall nevertheless remain bound by the Settlement.

The Settlement Administrator will distribute the Individual Settlement Payments to all Participating Class Members and Aggrieved Employees.

Payments to Participating Class Members and Aggrieved Employees will issue only AFTER the payment by Defendant of the Gross Settlement Amount to the Settlement Administrator. **PLEASE BE PATIENT AND UPDATE THE SETTLEMENT ADMINISTRATOR WITH YOUR NEW ADDRESS IF YOU MOVE AFTER RECEIVING THIS NOTICE OR YOU RECEIVED THIS NOTICE AS FORWARDED MAIL**.

None of the Parties or their attorneys make any representations concerning the tax consequences of this Settlement or your participation in it. Class Members should consult with their own tax advisors concerning the tax consequences of the Settlement. Class Counsel is unable to offer advice concerning the state or federal tax consequences of payments to any Class Member.

**Class Counsel's Fees and Expenses, the Class Representative Enhancement, Administrative Expenses, the PAGA Penalty Payment.** Class Counsel was awarded attorneys' fees of $126,666.67 (one third) of the Gross Settlement Amount and reimbursement of costs incurred in the Action of $16,718.72. In addition, the Court approved a Class Representative Service Payment to Plaintiff of $7,500, for her efforts in bringing the Action on behalf of the Class. The Court approved payment for the cost of administering the Settlement in the amount of $10,000. PAGA Penalties in the amount of $30,000.00 will also be made to the LWDA for PAGA penalties, which represents 75% of the $40,000 allocated as PAGA Penalties.

*What claims are being released by the Settlement?*

Upon Defendant's payment of all sums due pursuant to this Settlement, and except as to such rights or claims as may be created by this Settlement, each Participating Class Member and each Aggrieved Employee will release claims as follows:

(a)     The Released Class Claims. All Participating Class Members, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release Released Parties from (i) all claims that were alleged, or reasonably could have been alleged, based on the Class Period facts stated in the Operative Complaint, including all claims that MAP (1) failed to provide meal periods (Lab. Code §§ 204, 223, 226.7, 512 and 1198 and Wage Order); (2) failed to provide rest periods (Lab. Code §§ 204, 223, 226.7 and 1198 and Wage Order); (3) failed to pay minimum and overtime time wages (Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1 and 1198 and Wage Order as to minimum wage); (4) failed to provide accurate itemized wage statements (Lab. Code §§ 226(a)); (5) failed to timely pay all final wages (Lab. Code §§ 201, 202 and 203); (6) failed to indemnify for job-related expenses (Lab. Code § 2802); and, (7) engaged in Unfair Competition (Bus. & Prof. Code §§ 17200 et seq.). Excluded from this portion of the release are claims for PAGA penalties that were alleged, or reasonably could have been alleged, based on the PAGA Period facts stated in the Operative Complaint and the PAGA Notice. Except as set forth in Section 5.3 of this Agreement, Participating Class Members do not release any other claims, including claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside the Class Period.

(b)     Claims Released by Aggrieved Employees. All Class Members who are Aggrieved Employees are deemed to release, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, the Released Parties from all claims for PAGA penalties that were alleged, or reasonably could have been alleged, based on the PAGA Period facts stated in the Operative Complaint and the PAGA Notice.

The "Released Parties" are: MAP Communications, Inc. and each of its former and present directors, officers,

shareholders, owners, attorneys, insurers, predecessors, successors, assigns, subsidiaries, and affiliates.

No Class Member employed during the PAGA Period can request exclusion from the settlement of the Released PAGA Claims. If you are a Class Member and an Aggrieved Employee, and this Settlement is approved, you will release the Released PAGA Claims even if you timely and properly file an Opt-Out Request. The Aggrieved Employees are bound by the release of the Released PAGA Claims regardless of whether they cash their Individual PAGA Payment check.

## *What are my options in this matter?*

You have two options under this Settlement, each of which is further discussed below. You may: (A) remain in the Class and receive an Individual Class Payment; or (B) exclude yourself from the Settlement. If you choose option (A), you may also contest the calculation of your payment if you claim that the workweeks reported for you during the **Class Period** (the period from July 21, 2017 to December 31, 2022) is incorrect.

If you do not exclude yourself from the Settlement, you will be subject to any Judgment that will be entered in the Action, including the release of the Released Claims as described above.

**OPTION A.  <u>Remain in the Class</u>.** If you wish to remain in the Class and be eligible to receive an Individual Class Payment, **you do not need to take any action**. By remaining in the Class and receiving settlement monies to resolve your class claims, you consent to the release of the Released Class Claims as described above. You will receive a portion of the Supplemental Distribution.

Any amount paid to Participating Class Members will not count or be counted for determination of eligibility for, or calculation of, any employee benefits (for example, vacations, holiday pay, retirement plans, non-qualified deferred compensation plans, etc.), or otherwise modify any eligibility criteria under any employee pension benefit plan or employee welfare plan sponsored by Defendant, unless otherwise required by law.

**OPTION B.  <u>Request to Be Excluded from the Class and Receive No Money from the Class Action Portion of the Settlement (Aggrieved Employees Still Will Receive Their Share of the PAGA Employee Payment)</u>.** You may not seek exclusion from the PAGA portion of this Settlement. However, if you do not want to be part of the Class Settlement, you must submit a written request to be excluded to the Settlement Administrator at Phoenix Settlement Administrators [Phoenix Address]. In order to be valid, your written request to be excluded from the Class Settlement must be signed and include your full name, address, and telephone number (to confirm your identity and make certain that only persons requesting exclusion are removed from the settlement), along with a clear statement that you wish to be excluded from the class action portion of the Settlement.

Your written request to be excluded from the Class Settlement must then be signed and postmarked on or before <<R<small>ESPONSE</small> D<small>EADLINE</small>>>. If you do not submit a written request to be excluded from the Class Settlement on time (as evidenced by the postmark), your written request to be excluded from the Settlement will be rejected, you will be deemed a Participating Class Member, and you will be bound by the release of Released Class Claims as described above and all other terms of the Settlement. If you submit a written request to be excluded from the Class Settlement by the deadline to request exclusion, you will have no further role in the Action as it relates to the Class claims. **You will not be entitled to any benefit, including money**, as a result of the Action and Settlement, except for any payment you may be receive from the PAGA portion of this Settlement.

## *How can I get additional information?*

This Class Notice summarizes the Action and the basic terms of the Settlement. More details are in the CLASS ACTION AND PAGA SETTLEMENT AGREEMENT AND CLASS NOTICE attached to the Declaration of H. Scott Leviant in Support of Plaintiff's Motion for Final Approval. The CLASS ACTION AND PAGA SETTLEMENT AGREEMENT AND CLASS NOTICE and all other records relating to the lawsuit are available for inspection and/or copying through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.casd.uscourts.gov or at the Clerk's Office of the United States District Court. If you choose to access documents online, the Court will charge you a fee for access. Class Counsel can provide you with copies of the settlement documents at no charge.

**PLEASE DO NOT CONTACT THE COURT FOR INFORMATION REGARDING THIS SETTLEMENT.**