UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEEANN BRUTOUT, individually, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MAP COMMUNICATIONS, INC., a Delaware corporation; and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.: 21-CV-1533-TWR (JLB)<br><br>**ORDER (1) CERTIFYING SETTLEMENT CLASS, (2) FINALLY APPROVING PROPOSED CLASS ACTION SETTLEMENT, (3) AWARDING FEES AND COSTS TO CLASS COUNSEL, (4) AWARDING SERVICE PAYMENT TO PLAINTIFF, (5) APPROVING SUPPLEMENTAL NOTICE TO OMITTED CLASS MEMBERS, AND (6) DIRECTING ENTRY OF JUDGMENT**<br><br>(ECF Nos. 41, 43) |

Presently before the Court are Plaintiff Leeann Brutout's Motion for Final Approval of Class Action Settlement and Certification of Settlement Class ("Mot.," ECF No. 41) and the Joint Motion of Parties to Consent to Settlement Supervision by Magistrate Judge and to Issue Supplemental Notice to Omitted Class Members ("Jt. Mot.," ECF No. 43). On July 21, 2021, Plaintiff initiated a putative class action against Defendant Map Communications, Inc. ("MAP") for violations of the California Labor Codes, California

1

Private Attorneys General Act of 2004 ("PAGA"), and Unfair Competition Law ("UCL"). (*See generally* ECF Nos. 1-2 (Complaint), 31 (First Amended Complaint ("FAC")).) Plaintiff alleges MAP violated the California Labor Codes, PAGA, and UCL by providing inaccurate wage statements and failing to timely pay final wages. (*See generally* FAC.)

In early 2023, Plaintiff and MAP signed the Class Action and PAGA Settlement Agreement and Class Notice, (*see generally* ECF No. 41-1 at 43–71 (the "Settlement")), a summary of which follows. Capitalized terms in this Order shall have the same meaning as in the Settlement unless indicated otherwise.

- Defendant stipulates to certification of a Settlement Class for purposes of Settlement only. (Settlement ¶ 19.)

- The Class is: All persons employed by MAP in California and classified as nonexempt employees who worked for MAP during the Class Period, *i.e.*, July 21, 2017, to December 31, 2022. (Settlement ¶¶ 1.5, 1.12.)

- Defendant agrees that $380,000.00, known as the "Gross Settlement Amount," plus the employer's share of any payroll taxes related to the settlement payments, represents the maximum amount that it will pay out under the Settlement, inclusive of the following:

    (a)  payments to Settlement Class Members;
    (b)  the maximum gross amount for Class Counsels' attorneys' fees to be paid in accordance with the terms set forth in Settlement ¶ 3.2.2., which is $126,666.67;
    (c)  the maximum gross amount for all of Class Counsels' litigation costs and associated expenses, which shall not exceed $20,000;
    (d)  the anticipated gross amount for claims administration costs, estimated at approximately $18,000;
    (e)  the maximum gross amount for the service payments to be made to the Class Representative, which is a maximum of $7,500;

      (f)    the maximum gross amount for payment to the California Labor Workforce Development Agency ("LWDA") as part of the consideration for the release of all Released Claims under PAGA, which is $30,000 (75% of the $40,000 allocated to PAGA).

(Settlement ¶¶ 1.22, 1.28.)

- Each Class Member who does not opt out (a "Participating Class Member") will be paid their share of the settlement, subject to certain taxes and withholdings. (Settlement ¶ 3.2.)

- Class Counsel will not seek an amount greater than $126,666.67 for attorneys' fees. (Settlement ¶ 3.2.2.)

- Class Counsel will not seek an amount greater than $20,000 for litigation costs. (Settlement ¶ 3.2.2.)

- The Class Representative service payment requested will be $7,500. (Settlement ¶ 3.2.1.)

- If a Class Member has not cashed his or her check(s) within 180 days of issuance, the funds representing the "uncashed checks" shall be transmitted by the Administrator to the California State Controller's Office for Unclaimed Property in the name of each Class Member who failed to cash their Settlement Payment check prior to the void date. (Settlement ¶ 4.4.3.)

The Court preliminarily approved the Settlement on May 31, 2023, (*see generally* ECF No. 39), and, on October 26, 2023, held a hearing on the Motion. (*See generally* ECF No. 42.) Having carefully considered the Agreement, Plaintiff's Motion, the record, counsel's arguments, and the applicable law, the Court **GRANTS** the Motion and **FINDS:**

1. The Court **APPROVES** Parties' Settlement as fair, adequate, and reasonable.

2. The proposed Settlement Class **SATISFIES** the requirements of a settlement class under Rule 23 of the Federal Rules of Civil Procedure. The requirements of Rule 23(a) are satisfied because the proposed Class is so numerous that joinder of all the Class Members is impracticable, there are questions of law or fact common to the Class, the

claims of Plaintiff are typical of the claims of the Class, and Plaintiff will fairly and adequately protect the interests of the Class. Further, questions of law or fact common to the Class Members predominate over any questions affecting only individual Class Members.

3. The following persons are **CONDITIONALLY CERTIFIED** as Class Members solely for the purpose of settlement:

> All persons employed by MAP in California and classified as non-exempt employees who worked for MAP during the Class Period, (the "Class Period" is July 21, 2017, to December 31, 2022). (Settlement ¶¶ 1.5, 1.12.)

The third-party claims administrator, Phoenix Settlement Administrator ("Phoenix"), initially identified 722 individuals eligible to receive the Class Notice from MAP's first set of data files and eleven (11) more individuals from its second set of data files. (ECF No. 41-2, Declaration of Taylor Mitzner ¶¶ 3, 11.) Because Phoenix received the second data file set after completing the notice process for the first 722 individuals, it did not send notices to the later-identified eleven individuals. (*Id.* ¶¶ 3, 11.) Consequently, these eleven individuals are not included as Class Members under the Settlement.[1] Participating Class Members are those Class Members who did not timely request exclusion from the Settlement. There are three Class Members who submitted a valid and timely Request for Exclusion under the Settlement.[2] Accordingly, there are 719 Participating Class Members. (*Id.* ¶ 8.)

4. The Class Members were given a full opportunity to participate in the Final Approval Hearing, and all the Class Members and other persons wishing to be heard have

---

[1] Those eleven individuals, identified by initials and employee tracking numbers to preserve privacy, are: B.B. (MAPCBRU845), C.G. (MAPCBRU846), V.G. (MAPCBRU847), J.M. (MAPCBRU848), D.Z. (MAPCBRU849), N.F. (MAPCBRU850), J.A. (MAPCBRU851), F.M. (MAPCBRU852), B.M. (MAPCBRU853), L.R. (MAPCBRU854), and A.T. (MAPCBRU855).

[2] Those three individuals, identified by initials and employee tracking numbers to preserve privacy, are: L.M. (MAPCBRU515), N.M. (MAPCBRU518), and D.R. (MAPCBRU633).

been heard. As of the date of this Order and Judgment, no Class Member has objected to the terms of the Settlement. Participating Class Members who did not timely object to the Settlement are barred from prosecuting or pursuing any appeal of the Final Approval Order and Judgment.

5. The following persons are defined as "PAGA Employees" solely for the purpose of settlement:

> All Class Members that worked during the PAGA Period (the "PAGA Period" is the period from July 17, 2020, to December 31, 2022). (Settlement ¶ 1.31.)

It is stipulated by the Parties that, for purposes of the Settlement, all PAGA Employees are "aggrieved employees" as defined pursuant to PAGA.

6. The Court **FINDS** the settlement of Plaintiffs' PAGA claim fair and reasonable. Of the $40,000.00 allocated towards PAGA penalties, the Parties paid $30,000.00 to the LWDA and will pay $10,000.00 to the Aggrieved Employees. Plaintiff has provided evidence that the LWDA received notice of the proposed settlement in the manner required by the LWDA, and Class Counsel confirmed during the October 26, 2023 hearing that the LWDA has neither objected to nor commented on the Settlement. Accordingly, the Court **APPROVES** the Settlement, the release of the PAGA claim, and the payment of $30,000 to the LWDA. Further, Phoenix **SHALL DISTRIBUTE** $10,000.00 to the Aggrieved Employees according to the terms of the Settlement.

7. The Court **CONFIRMS** Plaintiff Leeann Brutout's appointment as Class Representative and **AWARDS** Plaintiff the Class Representative Service Payment of $7,500.00. The Court **FINDS** this amount fair and reasonable considering Plaintiff's contributions to this litigation.

8. The Court also **CONFIRMS** Phoenix's appointment as the class action settlement administrator and **APPROVES** the payment of $10,000.00 for fees and expenses to Phoenix. Phoenix has thus far fully discharged its obligations as Administrator under the terms of the Settlement, and the Court **ORDERS** Phoenix to complete the administration as outlined in the Settlement.

9. Further, the Court **CONFIRMS** Moon Law Group, PC, as Class Counsel and **AWARDS** Class Counsel $126,666.67 in attorney's fees and $16,718.72 in costs. The fee awarded is below the reported lodestar of Class Counsel. Further, the costs incurred were reasonable and appropriate.

10. The Court **ORDERS** Phoenix to distribute the Net Settlement Amount to the Class Members who did not opt out of the settlement. The Net Settlement Amount available to pay the Class Members is the amount remaining after subtracting Class Counsel's fees and costs, the Class Representative Service Payment, the PAGA Amount, and Phoenix's administration costs. None of the Gross Settlement Amount will revert to MAP.

11. Moreover, the Court **GRANTS** the Joint Motion (ECF No. 43) and **APPROVES** the supplemental notice as set forth in Exhibit 1 to the Joint Motion. Phoenix estimates that the total payout to the eleven omitted individuals is approximately $189.26. (Joint Mot. at 3.) The Parties therefore **SHALL ADD** an additional $189.26 to the Gross Settlement Amount. Phoenix **SHALL SEND** the supplemental notice to the eleven omitted individuals and **SHALL DISTRIBUTE** the supplemental amount to those who do not opt out of the Settlement.

12. The Court **ORDERS** that a Qualified Settlement Fund, as defined in Treasury Regulations Section 1.468B-1, or other applicable law, shall be established to effectuate the terms of the Settlement and the Orders of the Court. The Court hereby **FINDS** and **ORDERS** that:

  a) The Qualified Settlement Fund shall be established pursuant to this Order of the Court prior to the receipt of any monies from Defendant;

  b) The Qualified Settlement Fund shall be established to resolve and satisfy the contested Claims that have resulted, or may result, from the matters that are the subject of this Action and that are released pursuant to the Settlement;

  c)  The contested Claims have given rise to multiple claims by the Class Members asserting liability arising out of tort, breach of contract, or other violations of law; and

  d)  The fund or account be established and its assets be segregated (within a separately established fund or account) from the assets of Defendant, and all related other persons in the meaning of Title 26, United States Code, Sections 267(b) and 707(b)(1).

13. Upon the final approval by the Court of this Settlement and Defendant's payment of all sums due pursuant to this Settlement, and except as to such rights or claims as may be created by the Settlement, the Class Representative, the Class, and each Class Member who has not submitted a valid and timely request for exclusion as to claims other than the PAGA claim, and each PAGA Employee, regardless of whether they have requested exclusion from the Settlement, **WILL RELEASE** claims as follows:

  a) **Release by Participating Class Members**:  All Participating Class Members, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, release Released Parties[3] from (i) all claims that were alleged, or reasonably could have been alleged, based on the Class Period facts stated in the First Amended Complaint, including all claims that MAP (1) failed to provide meal periods (Cal. Lab. Code §§ 204, 223, 226.7, 512, and 1198 and Wage Order); (2) failed to provide rest periods (Cal. Lab. Code §§ 204, 223, 226.7, and 1198 and Wage Order); (3) failed to pay minimum and overtime time wages (Cal. Lab. Code §§ 223, 510, 1194, 1194.2, 1197, 1997.1, and 1198 and Wage Order as to minimum wage); (4) failed to provide accurate itemized wage statements (Cal. Lab. Code §§ 226(a)); (5) failed timely to pay all final wages (Cal. Lab. Code §§ 201, 202, and 203);

---

[3] **"Released Parties"** means MAP and each of its former and present directors, officers, shareholders, owners, attorneys, insurers, predecessors, successors, assigns, subsidiaries, and affiliates.

(6) failed to indemnify for job-related expenses (Cal. Lab. Code § 2802); and (7) engaged in Unfair Competition (Bus. & Prof. Code §§ 17200 *et seq.*). Excluded from this portion of the release are claims for PAGA penalties that were alleged, or reasonably could have been alleged, based on the PAGA Period facts stated in the Operative Complaint and the PAGA Notice. Except as set forth in Section 5.3 of the Settlement, Participating Class Members do not release any other claims, including claims for vested benefits, wrongful termination, violation of the Fair Employment and Housing Act, unemployment insurance, disability, social security, workers' compensation, or claims based on facts occurring outside the Class Period.

      b)    **Release by the Class Members Who Are Aggrieved Employees**: All the Class Members who are Aggrieved Employees are deemed to release, on behalf of themselves and their respective former and present representatives, agents, attorneys, heirs, administrators, successors, and assigns, the Released Parties from all claims for PAGA penalties that were alleged, or reasonably could have been alleged, based on the PAGA Period facts stated in the First Amended Complaint and the PAGA Notice.

14.    The Court **DIRECTS** the Clerk of the Court to enter the Court's Final Approval Order as a Final Judgment. Plaintiff and the Class Members shall take nothing from Defendants except as set forth in the Settlement and this Final Approval Order and Judgment.

15.    Neither this Order, the Settlement, nor any related statements or proceedings shall be construed or deemed an admission of liability, culpability, damage, or wrongdoing on the part of Defendant, or of the appropriateness of certification of the Class other than for settlement purposes.

16. In the event the Judgment is overturned, reversed, not affirmed in its entirety, or never becomes final, the Effective Date does not occur,[4] or the Settlement is nullified or modified for any reason, Defendant does not waive any and all rights, including its right to oppose class certification. The Settlement is a settlement document and shall be inadmissible in evidence in any proceeding, except an action or proceeding to approve, interpret, or enforce the Settlement.

17. Because the Parties consented to settlement supervision by a magistrate judge, the Court **REFERS** the matter to the assigned Magistrate Judge, the Honorable Steve B. Chu.

**IT IS SO ORDERED.**

Dated: November 14, 2023

_____
Honorable Todd W. Robinson
United States District Judge

---

[4] **"Effective Date"** means the date by when both of the following have occurred: (a) the Court enters a Judgment on its Order Granting Final Approval of the Settlement; and (b) the Judgment is final. The Judgment is final as of the latest of the following occurrences: (a) if no Participating Class Member objects to the Settlement, the day the Court enters Judgment; (b) if one or more Participating Class Members objects to the Settlement, the day after the deadline for filing a notice of appeal from the Judgment; or if a timely appeal from the Judgment is filed, the day after the appellate court affirms the Judgment and issues a remittitur.